EHRMANTROUT and another, Respondents, vs. McMAHON, Appellant.

*November 7 — November 25, 1890.*

*Logs and timber: Wrongful cutting: Pleading: Ownership: Offer of judgment: Appeal: Exceptions: Nonsuit: Partnership.*

1. In an action for the wrongful cutting of timber, an averment of the complaint that the acts were done "on the land of the plaintiffs," is a sufficient allegation of ownership.

2. In such action an offer of judgment (under sec. 4269, R. S.) is in the nature of a pleading and becomes part of the record without a bill of exceptions.

3. In denying a motion for a nonsuit, the court said: "I think there is a *prima facie* case here, and it is for the jury to pass upon. In view of the fact that the defendant has already made a tender, I think I ought not to grant this nonsuit. The motion for a nonsuit is denied." *Held*, that this was equivalent to an order denying the motion, with the reason therefor embodied in the order, and that an exception went to the whole thereof.

4. It was not error thus to refer to the tender as a reason for denying the motion, although in the presence of the jury.

5. The evidence tending to show that the timber was cut by the defend-
   ant's partner within the scope of the partnership business, and the
   quantity and value of the timber cut, the nonsuit was properly re-
   fused.

APPEAL from the Circuit Court for *Ashland* County.

Action to recover damages for the wrongful cutting and
conversion of timber. The facts will sufficiently appear
from the opinion. There was a verdict for the plaintiffs,
assessing their damages at $209, and from the judgment
thereon the defendant appealed.

For the appellant there was a brief by *Lamoreux, Glea-
son, Shea & Wright*, and oral argument by *Geo. F. Merrill*.

For the respondents there was a brief by *Sleight & Fos-
ter*, and oral argument by *Richard Sleight*.

ORTON, J.    This action is brought against the defendant
for cutting timber on the land of the plaintiffs and convert-
ing the same to his own use.

The plaintiffs proved their ownership of the land by a
patent from the United States. The defendant objected
to this testimony because the plaintiffs' ownership of the
land is not alleged in the complaint. The plaintiffs aver
the acts done on "the land of the plaintiffs." That was
sufficient.

The plaintiffs introduced testimony which tended to prove
that the defendant and one Loveburg were in partnership
at the time in cutting timber upon a forty-acre tract of
land adjoining the land of the plaintiffs, and shipping the
same, and that said Loveburg did the cutting on the land
of the plaintiffs, probably by mistake, and the timber so
cut on the land of the plaintiffs was removed therefrom,
and that said timber was about 44,000 feet and worth
about $4.50 per thousand. The witness James Guest tes-
tified, in substance, that the defendant employed him to go

upon the said land of the plaintiffs and estimate the timber so cut, and that he did so, and estimated the same at 44,000 feet.

On this case so made by the plaintiffs, the defendant moved for a nonsuit, and the court, in overruling the motion, said: " I think there is a *prima facie* case here, and it is for the jury to pass upon it. In view of the fact that the defendant has already made a tender, I think I ought not to grant this nonsuit. The motion for a nonsuit is denied." The defendant excepted.

The learned counsel of the appellant contends that the exception relates to this remark of the court in relation to the tender of the defendant as well as to the denial of the motion for a nonsuit. The learned counsel of the respondents contends that the exception is only to the order denying the motion for the nonsuit. We think that the ruling of the court on the motion for a nonsuit is equivalent to an order denying the motion for a nonsuit, with the reason of the court for denying the same embodied in the order, and that the exception goes to the whole thereof.

The learned counsel of the appellant complains that this remark of the court, or reason given, was unwarranted and improper, and influenced the jury against the defendant. The learned counsel of the respondents appear also to doubt whether any such tender was made, as none is found in the bill of exceptions. A tender is not required to be preserved in a bill of exceptions. It is a pleading and a part of the record. There is on file, and among the papers in the case, an affidavit of the defendant, stating substantially that he was not aware that Loveburg cut any timber on plaintiffs' land, and that if he did so cut timber on their land it was without his knowledge and a mistake. This affidavit is followed by a written tender of the defendant, also on file, stating substantially that if he cut any timber on plaintiffs'

land it was by mistake, and tendering to the plaintiffs a judgment for 44,000 feet of timber at fifty cents per thousand, making the sum of $22, and costs. These papers are very informal, and so badly written that it was very difficult to read them, but this is evidently the substance thereof. These papers appear to have been filed pursuant to the terms of sec. 4269, R. S., which provide for reducing the damages for the cutting of timber on the land of the plaintiff by mistake to the lowest amount. There have been so many changes of counsel in the case that this tender appears to have been overlooked, and it cuts no figure in the case, either on trial or argument in this court. If, however, it is a substantial compliance with the statute,— and it appears to be so,— it justified the court in giving it as at least one reason why a nonsuit should not be granted.

The evidence tended strongly to show that the timber was cut by Loveburg, the partner of the defendant, and within the scope of their partnership business, and that the timber so cut amounted to 44,000 feet of the value of $4.50 per thousand. The defendant concerned himself about the cutting sufficiently to employ a man to go upon the ground and estimate the timber that had been so cut, from the stumpage. The nonsuit was properly refused. The testimony on behalf of the defendant explained the fact of his sending a man on the land to measure or estimate the timber cut, by his having heard that he was charged with cutting it, and wished to know the amount, with a view of settling it with the plaintiffs. The defendant testified that he neither directed, advised, nor consented to the cutting, and also that he and the said Loveburg were partners in getting out the timber on their own land adjoining. The testimony makes a very strong case for the plaintiffs' recovery in the action. The learned counsel on either side have not thought it necessary to cite any authorities applicable to the main questions in the case, and no authorities are

necessary where the liability of the defendant is so clear and unquestionable on the facts proved and the reasonable inferences therefrom.

*By the Court.*— The judgment of the circuit court is affirmed.